UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFFREY EARL JOHNSON,

        Plaintiff,

  v.

UNKNOWN, Milwaukee County Jail Staff,

        Defendants.

Case No. 25-cv-1888-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

    Plaintiff Jeffrey Earl Johnson, who is representing himself, has filed a complaint alleging that the defendants violated his constitutional rights when he was incarcerated at the Milwaukee County Jail.[1] Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order resolves that motion and screens the complaint.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

    To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is not employed and has no income. Dkt. No. 2. He states that he receives "food share monthly

---

[1] The plaintiff was not incarcerated when he filed this case, and he currently is not incarcerated.

1

$290.00." Id. at 2. He does not report any monthly expenses. Id. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee and will grant his motion.

## II. Screening of Complaint

### A. Standard for Screening Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d

824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by unrepresented litigants and holds them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    Plaintiff's Allegations

In the caption of the complaint, the plaintiff names as defendants "Unknown, The Milwaukee County Jail staff (correctional officers, cert team)." Dkt. No. 1 at 1. In his description of the parties, he lists "Corrections Staff @ The Milwaukee Canty [sic[ Jail." Id.

The plaintiff alleges that between 5:00 and 6:00 p.m. on December 28, 2023, while he was confined at the Milwaukee County Jail, a "cert team" entered Pod 5B where he was housed. Id. at 3. The plaintiff states that he was caught off guard; he describes their approach as an "attack" and says that they were "throwing tables [his] way" as they came in. Id. He asserts that he was assaulted by being "thrown into a wall." Id. The plaintiff asserts that the attack was "random." Id. He allegedly was taken to Mount Sinai Hospital for injuries he received from the incident (injuries to his back, headaches, an abrasion to his arm, elevated blood pressure and psychological stress). Id. at 1-2. After the incident, the plaintiff allegedly submitted many grievances, but did not receive any response. Id. at 4. He says that the incident was video recorded. Id.

For relief, the plaintiff states that he wants the court to hold everyone involved fully accountable for their actions. Id. at 5.

C.    Analysis

Because he was confined at the Milwaukee County Jail at the time of the incidents he describes in the complaint, the court assumes the plaintiff was a pretrial detainee at the time of those events. The Fourteenth Amendment

applies to excessive force claims brought by pre-conviction detainees and the standard is solely objective. Hardeman v. Curran, 933 F.3d 816, 822 (7th Cir. 2019) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015)). "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley, 576 U.S. at 396-97. The plaintiff's allegation that officers assaulted him implicates his constitutional rights.

Because it appears that the plaintiff does not know the names of the defendants he is suing, the court will add Milwaukee County Sheriff Denita R. Ball as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Ball should not respond to the complaint. After Sheriff Ball's attorney files an appearance in the case, the plaintiff may serve discovery upon Sheriff Ball (by mailing it to her attorney at the address in his notice of appearance), asking for information that will help him identify the names of the unknown defendants.

For example, the plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Sheriff Ball personally, he must limit his discovery requests to asking for information or documents that will help him learn the real names of the defendants he is suing. The plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is not required to respond to requests about any other topic.

After the plaintiff learns the names of the people he says violated his constitutional rights, he must file a motion to substitute their names for the "Unknown" placeholder. Once the plaintiff identifies the defendants' names, the

4

court will dismiss Sheriff Ball as a defendant. After the defendants have an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must file his motion to identify the unknown defendants within sixty days of Sheriff Ball's attorney filing a notice of appearance. If the court does not receive from the plaintiff a motion to identify the Doe defendants or an explanation of why he is unable to do so within sixty days of Sheriff Ball's attorney appearing, the court may dismiss his case.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DIRECTS** the clerk's office to update the docket by adding Milwaukee County Sheriff Denita Ball as a defendant for the limited purpose of helping the plaintiff identify the unknown defendants' names.

Under an informal service agreement between Milwaukee County and this court, the court will electronically transmit a copy of the complaint and this order to Milwaukee County for service on defendant Ball.

The court **ORDERS** that Sheriff Ball should not respond to the complaint, but she must respond to discovery requests that the plaintiff serves in an effort to identify the defendants' names. Sheriff Ball is not required to respond to discovery requests about any other topic.

The court **ORDERS** that the plaintiff must file his motion identifying the defendants' names **within sixty days of Sheriff Ball's attorney filing a notice of appearance in this case**. If, within sixty days of Sheriff Ball's attorney filing an appearance, the plaintiff does not either provide the court

5

with the unknown defendants' names or a written explanation of why he is unable to provide those names, the court may dismiss this case based on the plaintiff's failure to diligently prosecute it. See Civil Local Rule 41(c) (E.D. Wis.).

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 517 E. Wisconsin Avenue, Rm. 362
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 21st day of January, 2026.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**

6