UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFFREY EARL JOHNSON,

                     Plaintiff,

v.                                                       Case No. 25-cv-1888-pp

UNKNOWN, Milwaukee County Jail Staff,
and DENITA BALL,

                     Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 7)**

---

Plaintiff Jeffrey Earl Johnson, who is representing himself, has filed a complaint alleging that jail staff physically assaulted him without warning when he was confined at the Milwaukee County Jail. Dkt. No. 1. The plaintiff was not incarcerated when he filed this case, and he is not currently incarcerated. On January 21, 2026, the court screened the complaint and allowed the plaintiff to proceed on an excessive force claim under the Fourteenth Amendment based on the allegations in his complaint. Dkt. No. 5 at 4. Because the plaintiff does not know the names of the defendants he is suing, the court added Milwaukee County Sheriff Denita Ball as a defendant for the limited purpose of helping the plaintiff identify the Doe defendants. Id. On February 2, 2026, the plaintiff filed a motion to appoint counsel. Dkt. No. 7. This order addresses the plaintiff's motion.

In his motion to appoint counsel, the plaintiff requests that the court grant his motion, and he says that he met with several attorneys who declined

1

to represent him. Id. The plaintiff also states that he has a constitutional right to have proper representation. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted

at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

Contrary to the plaintiff's assertion in his motion to appoint counsel, he does not have a right to counsel in a *civil* case. Williams v. DeJoy, 88 F.4th 695, 703 (7th Cir. 2023) (citing McCaa v. v. Hamilton, 893 F.3d 1027, 1030

3

(7th Cir. 2018)). The plaintiff may be thinking of the Sixth Amendment right to counsel, but that right applies to defendants in criminal cases. See Brewer v. Williams, 430 U.S. 387, 398 (1977) (citations omitted). As explained above, in this civil case, the court has discretion over whether to try to find a lawyer for him.

The plaintiff has satisfied the first requirement for appointment of counsel. His filings show that he made a reasonable attempt to find a lawyer on his own and he included letters from the lawyers who declined to represent him. Dkt. No. 7-1. However, the plaintiff's filings also show that he is capable of engaging in discovery and responding to a motion for summary judgment. The plaintiff's excessive force claim is not complex, and the plaintiff can describe his version of the events. This case is at an early stage. Currently, the plaintiff only needs to ask Sheriff Ball to provide him with the names of the Doe defendants, that is, the officers who allegedly assaulted him at the Milwaukee County Jail on December 28, 2023. As explained in the Screening Order,

> Because it appears that the plaintiff does not know the names of the defendants he is suing, the court will add Milwaukee County Sheriff Denita R. Ball as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Ball should not respond to the complaint. After Sheriff Ball's attorney files an appearance in the case, the plaintiff may serve discovery upon Sheriff Ball (by mailing it to her attorney at the address in his notice of appearance), asking for information that will help him identify the names of the unknown defendants.
>
> For example, the plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Sheriff Ball personally, he must limit his discovery requests to asking for information or documents that will

help him learn the real names of the defendants he is suing. The plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is not required to respond to requests about any other topic.

After the plaintiff learns the names of the people he says violated his constitutional rights, he must file a motion to substitute their names for the "Unknown" placeholder. Once the plaintiff identifies the defendants' names, the court will dismiss Sheriff Ball as a defendant. After the defendants have an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

Dkt. No. 5 at 4-5.

The lawyer for Sheriff Ball filed a notice of appearance on January 29, 2026. Dkt. No. 6. The plaintiff must conduct discovery by contacting Sheriff Ball's attorney, as described above, and identify the Doe defendants by March 30, 2026. The plaintiff no longer is incarcerated. His filings show that he is capable of explaining the facts of his case and drafting letters to lawyers. These skills will allow him to conduct discovery to identify the Doe defendants. The court will deny the motion without prejudice. That means that later in the case, if the plaintiff can demonstrate why it has become too difficult for him to handle on his own, he may renew his motion to appoint counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's request for counsel. Dkt. No. 7.

Dated in Milwaukee, Wisconsin this 6th day of February, 2026.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**